UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4878

NELSON HINES,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-93-205)

Submitted: May 18, 1999

Decided: June 1, 1999

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Barbara Gold, Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Bonnie S. Greenberg, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Nelson Hines was originally sentenced in 1993 for drug offenses and for using or carrying a firearm in connection with a drug offense in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999). He appealed his conviction, contesting the admission of certain evidence. See United States v. Hines, No. 93-5956 (4th Cir. Nov. 15, 1994) (unpublished).**1** After the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), Hines filed a motion to correct sentence pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), seeking vacation of his § 924(c) conviction. The district court vacated the § 924(c) count but refused the government's request to resentence Hines on the drug counts. The government appealed and we remanded the case for resentencing. See United States v. Hines, No. 96-7465 (4th Cir. Apr. 8, 1997) (unpublished). Hines was resentenced to a term of 168 months imprisonment. He now appeals from this latest judgment.**2**

Before his resentencing hearing, Hines filed a sentencing memorandum in which he requested a two-level downward departure based on (1) his efforts to rehabilitate himself while in prison, and (2) his claim that his criminal history (category III) overstated the likelihood that he would commit crimes in the future. At the resentencing hear-

_____

**1** His case was consolidated with United States v. Fenner, No. 93-5955.
**2** Hines filed a notice of appeal after the ten-day appeal period had expired but within the thirty-day extension period. See Fed. R. App. P. 4(b). We remanded for a finding on excusable neglect. See United States v. Hines, No. 98-4216 (4th Cir. Oct. 26, 1998) (unpublished). The district court found excusable neglect and granted an extension of time to file the notice of appeal. After the district court's order granting an extension, Hines filed new notice of appeal which was docketed in this court as a new appeal. The parties have adopted the briefs in the previously docketed appeal.

2

ing, Hines' attorney argued that his post-conviction acceptance of responsibility warranted a downward departure. Defense counsel also suggested that Hines should have been given an acceptance of responsibility adjustment at the first sentencing. See U.S. Sentencing Guidelines Manual § 3E1.1 (1997). However, counsel did not argue that Hines should receive the adjustment at the resentencing.

The district court accepted without comment the government's argument that a two-level enhancement for possession of a firearm during the offense should apply, thus raising Hines' offense level to 34, and then decided to depart downward to level 33 to give him credit for his rehabilitation efforts. The court accepted without comment defense counsel's representation that Hines' criminal history score should be reduced by one point because a 1993 Maryland conviction had been dismissed. Even with a reduction from six criminal history points to five points, Hines was still in criminal history category III. His guideline range with the one-level downward departure was 168-210 months. The court imposed a sentence of 168 months.

On appeal, Hines contends first that the district court should have departed downward one additional level in recognition that he had accepted responsibility for his criminal conduct "as manifested by the trial stipulation as to his presence at the scene."

An appeals court lacks jurisdiction to review the extent of a downward departure in the appellant's favor unless the departure results in a sentence in violation of law or results from an incorrect application of the sentencing guidelines. See United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Neither exception applies here and Hines does not claim that the district court based its decision not to depart on a misperception that he lacked authority to depart, which would be a reviewable issue. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Consequently, we dismiss this portion of the appeal for lack of jurisdiction.

Second, Hines complains that the district court failed to explain why it did not depart based on his acceptance of responsibility. Given that Hines did not clearly request a departure on this ground, no explanation was necessary. Moreover, because a failure to depart is not reviewable, see United States v. Bayerle, 898 F.2d 28, 30-31 (4th

3

Cir. 1990), even if Hines had asked for a departure on this ground, the district court would not have been required to explain why it decided not to depart. We find that the court adequately explained its decision to depart by one level and that nothing more was necessary.

In sum, we affirm the sentence imposed and dismiss that portion of the appeal which challenges the district court's decision not to depart by more than one level. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4